**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

OMER EUGENE DAVIS,

     Petitioner - Appellant,

v.

JASON BRYANT, Warden,

     Respondent - Appellee.

No. 18-6075
(D.C. No. 5:15-CV-00513-M)
(W.D. Okla.)

_____

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Petitioner Omer Davis, an Oklahoma state prisoner appearing *pro se*, seeks a certificate of appealability (COA) in order to challenge the district court's denial of his federal petition for writ of habeas corpus pursuant 28 U.S.C. § 2254. Because Davis has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a COA and dismiss the appeal.

I

In June of 2011, Davis was charged in the District Court of Caddo County, Oklahoma, with alternative counts of child sexual abuse, first degree rape, and incest. The information and affidavit alleged that on or about December 24, 2009, Davis

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sexually abused his then-fifteen-year-old granddaughter by placing two fingers inside her vagina and, in turn, placing his penis partway into her vagina.

Prior to trial, Davis filed a witness and exhibit list indicating that he intended to present testimony from two men who would testify that Davis's granddaughter had, at some point in the past, falsely accused them of "'raping and/or sexually abusing her.'" ROA, Vol. I at 263 (quoting OR at 67). The trial court held a pretrial hearing and concluded "that there was no reasonable support for the assertion that [Davis's granddaughter] had made false allegations against" Davis's two witnesses. Id. Consequently, the state trial court "ruled that [Davis] could not raise that subject during the trial." Id.

The case proceeded to trial in December 2012. During the state's case, the trial court permitted Davis's adult daughter and a former neighbor to testify that, when each of them was a child, Davis had forced them to perform oral sex upon him and had penetrated their vaginas with his fingers. The state trial court also permitted Davis's ex-wife to testify that, when their daughter (the adult daughter who testified against Davis) was eighteen-months old, she observed Davis with his penis in their daughter's hand. At the conclusion of the evidence, the jury found Davis guilty of first degree rape and fixed his punishment at life imprisonment. On January 25, 2013, the state district court sentenced Davis in accordance with the jury's verdict.

Davis filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA) asserting five propositions of error. On February 27, 2014, the OCCA issued an unpublished summary opinion rejecting Davis's propositions of error and affirming his

2

conviction and sentence.  <u>Davis v. State</u>, No. F-2013-70 (Okla. Crim. App. Feb. 27, 2014).  Davis filed a petition for rehearing, but that was denied by the OCCA on April 1, 2014.

Davis initiated these federal habeas proceedings on May 12, 2015, by filing a *pro se* petition for writ of habeas corpus pursuant to § 2254.  In the section of the petition form that asked him to "state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States," Davis simply attached copies of pages from the direct appeal brief he filed with the OCCA.  He thus, in effect, repeated in his federal habeas petition the five propositions of error alleged in his direct appeal brief.  Those five propositions of error are as follows: (1) that his due process rights were violated by the improper admission of evidence of other sex crimes he committed approximately thirty years before the charged crime; (2) that he was denied his Sixth Amendment right to present witnesses in his defense (i.e., the two men who would have testified regarding Davis's granddaughter); (3) that the trial court erred in admitting the other sex crimes evidence because its probative value was substantially outweighed by the danger of unfair prejudice; (4) that his trial counsel was ineffective for failing to properly challenge the admission of the other sex crimes evidence and for failing to comply with state procedural notice provisions governing the admission of evidence of false allegations of sexual abuse; and (5) the cumulative effect of the errors raised on appeal deprived him of a fair trial.

On August 25, 2017, the magistrate judge issued a report and recommendation addressing and rejecting each of the five propositions of error and recommending that

3

Davis's petition be denied. Davis filed written objections to the report and recommendation. On March 19, 2018, the district court issued a one-page order adopting the report and recommendation in its entirety and denying Davis's petition. The district court entered final judgment that same day.

Davis filed a notice of appeal on April 23, 2018.[1] The district court construed that as an application for COA and, on May 7, 2018, issued an order denying Davis a COA. Davis has since filed an application for COA with this court.

II

To obtain a COA, Davis must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied his claims on the merits, Davis "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In disposing of Davis's petition, the district court correctly noted that the requirements imposed on a state prisoner for obtaining federal habeas relief under § 2254 are quite stringent. Specifically, to obtain federal habeas relief under § 2254 on the basis of any of the five claims asserted in his habeas petition, Davis must show that the

---

[1] Under the Federal Rules of Appellate Procedure, Davis's notice of appeal was required to "be filed with the district clerk within 30 days after entry of the judgment . . . appealed from." Fed. R. App. P. 4(a)(1)(A). That deadline would have been April 18, 2018. Although Davis's notice of appeal was actually filed with the district clerk on April 23, 2018, we conclude that the notice of appeal was nevertheless timely under the prison mail-box rule because it was accompanied by a certificate of mailing, signed by Davis under penalty of perjury, affirming that he placed the notice of appeal in the prison mail system on April 18, 2018. See Fed. R. App. P. 4(c)(1).

OCCA's adjudication of those claims either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

With respect to Propositions One and Three in Davis's petition, the district court noted that the OCCA concluded "'[t]here was no plain error in the admission of the other crimes evidence'" because it "'was properly admitted to establish [Davis's] propensity to commit the sexual assault against [his granddaughter] and to rebut his claim that she fabricated the allegations against him.'" ROA, Vol. I at 258 (quoting Davis, No. F-2013-70 at 3). The district court in turn concluded that the OCCA's decision "was neither contrary to nor involved an unreasonable application of clearly established federal law." Id. at 260. In reaching this conclusion, the district court noted that "the [challenged] testimony was relevant" and that "any tendency toward *unfair* prejudice was mitigated by" Davis's opportunity to cross-examine the witnesses and present countering evidence, and by "the trial court's jury instructions." Id. at 261.

With respect to Proposition Two, the district court concluded that the trial court's exclusion of Davis's proffered evidence of prior false allegations was consistent with "Oklahoma's requirement that an accusation of prior false allegation be predicated on a showing of 'reasonable support' for the accusation, else such accusation must be excluded from evidence," and was "not an instance of an absurd, arbitrary, or

5

disproportionate evidentiary rule."[2] Id. at 270. The district court further concluded that "[t]he trial court's application of that evidentiary rule in this case . . . did not unconstitutionally deprive [Davis] of his right to confront witnesses or present a defense." Id.

In Proposition Four, Davis argued that his trial counsel was ineffective for failing to object to the other sex crimes evidence and for failing to file a motion required under Oklahoma state law to present the prior false allegations evidence. The district court noted that the OCCA rejected both of these arguments on the merits, and the district court in turn concluded that the OCCA's analysis was neither contrary to nor an unreasonable application of the Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984).

Finally, with respect to the cumulative error claim asserted by Davis in Proposition Five of his habeas petition, the district court noted that the OCCA denied this claim on the merits. The district court in turn concluded "that the OCCA's decision on [the] cumulative-error claim was not unreasonable or contrary to clearly established federal law." ROA, Vol. I at 276. The district court also concluded that, "even

---

[2] The OCCA declined to reach the merits of this claim, concluding that Davis's arguments failed to comply with its own Rule 3.5(A)(5), which states, in part, that "[m]erely mentioning a possible issue in an argument or citation to authority does not constitute the raising of a proposition of error on appeal." Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Tit. 22, Ch. 18, App. (2018). The district court in this case concluded that, rather than analyzing the adequacy of the OCCA's procedural ruling, it could more readily address and dispose of Proposition Two on the merits. ROA, Vol. I at 267.

6

considering de novo the potential cumulative effect of [Proposition] Two (which the OCCA did not address on the merits), no fundamental unfairness occurred." Id.

After carefully examining Davis's application for COA and the record on appeal, we conclude that Davis has failed to show that jurists of reason would find debatable or wrong the district court's denial of his constitutional claims.

III

Davis's application for COA is DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge